# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

ELEANOR VINCENT AND MARY J. BELL, APPELLANTS AND
CONTESTANTS, *v.* DAVID McMASTER, AS EXECUTOR, ETC., OF
HUGH S. DUNN, DECEASED, RESPONDENT AND PROPONENT.

*Evidence — the declaration of an attorney who drew a will, made in order to induce
a witness to sign it — when admissible on the hearing of an application for its
probate.*

APPEAL from a judgment in favor of the defendants, entered
upon the verdict of a jury, and from an order denying a motion
for a new trial, made upon the minutes of the justice before whom
the action was tried. The trial was had upon the reversal by the
General Term, of a decree of the surrogate of Westchester county,
admitting to probate the last will and testament of Hugh S. Dunn,
deceased. Upon the trial the court refused to allow one of the
witnesses of the will, Dr. Crump, to testify as to a conversation had
by him with Mr. Shiel, who drew the will, in a room adjoining the
bedroom of the testator.

The court at General Term said: " The conversation between
Mr. Shiel and Dr. Crump was improperly excluded, although it did
not take place in the presence of the alleged testator. The inquiry
involved the capacity of the testator to make a will, which was
denied, and the question whether the testator made the will with-
out undue influence being exerted upon him. It appeared that the
will was drawn and its formal execution directed by Mr. Shiel, who
was an attorney. Dr. Crump was the physician in charge of the
alleged testator, who died some five or six days thereafter. He at
first declined to witness the will. Shiel thereupon called him out
of the room, and told him that he only, by signing the will as a
witness, attested the formal execution, and not the capacity of the
alleged testator.

"It was not a question of agency in Shiel to bind the deceased. It was a part of the transaction; it was more. The will gave all the property, some $14,000, to McMaster, a stranger, and made him sole trustee. Assuming the testator to be capable to make a will 'and to have employed Shiel to prepare it, the case would be a clear one of agency to bind the deceased. This is the claim of the executor. The contestants do not claim this agency; they say the deceased was deprived of his reason. The inquiry is widened beyond mere agency — Shiel was an actor in the subject of inquiry. It was his declaration thus engaged, to a witness to the will, and it was a declaration made whereby he induced him to sign h.s name as a witness to the will that was rejected. It was rejected although the contestants avowed their ability and intention to prove that Shiel and McMaster were acting in concert, and that Shiel was the agent of McMaster."

*Thomas H. Hartwell* and *S. Chittenden*, for the appellants.

*Martin J. Keogh*, for the respondent.

Opinion by Barnard, P. J.; Gilbert, J., concurred; Dykman J., dissented.

Verdict, judgment and motion denying new trial reversed, and new trial granted, costs to abide event.